IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-09-24-BLG-SPW |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO REVOKE SUPERVISED RELEASE |
| ISAIAH THOMAS FOLLET, | |
| Defendant. | |

A petition alleges that Defendant Isaiah Thomas Follet violated a condition of his supervised release. United States District Court Judge Susan Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 97, citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)).

On December 13, 2016, the Court conducted the revocation hearing. Mr. Follet admitted the violation alleged in the petition. As discussed below, it is recommended that Mr. Follet's supervised release be revoked, and that the Court sentence Mr. Follet to 9 months imprisonment, followed by a lifetime term of supervised release.

1

## I. Background

In 2009, Mr. Follet pled guilty to the offense of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a). (Docs. 29, 32, & 33). On December 2, 2009, the Court sentenced him to 60 months imprisonment, to be followed by a lifetime term of supervised release. (Docs. 35, 36).

Mr. Follet's initial term of supervised release began on December 20, 2013. (Doc. 70). In April 2014, Mr. Follet's supervised release was revoked because he violated its conditions by failing to follow the directions of his probation officer, failing to report as directed, and failing to appear for urinalysis testing. (Doc. 57). Judge Watters sentenced Mr. Follet to 9 months of incarceration, followed by a lifetime term of supervised release. *Id.*

Mr. Follet's next term of supervised release began on December 26, 2014. (Doc. 60). In February 2015, Mr. Follet's supervised release was revoked because he violated its conditions by failing to follow the directions of the probation officer, failing to register as a sex offender, and failing to report to his probation officer within 72 hours of release. Judge Watters sentenced Mr. Follet to 9 months of incarceration, followed by a lifetime term of supervised release. (Doc. 68).

Mr. Follet's third term of supervised release began on November 6, 2015. (Doc. 70). In December 2015, Mr. Follet's supervision was again revoked for

failure to report to the probation office within 72 hours of release, and failure to register as a sex offender. Judge Watters sentenced Mr. Follet to 9 months imprisonment, followed by a lifetime term of supervised release. (Doc. 81).

Mr. Follet's current term of supervised release began on August 18, 2016. (Doc. 84) On August 23, 2016, the United States Probation Office filed the petition now at issue. (Doc. 84). The petition alleges that Mr. Follet violated the conditions of supervised release by failing to report to his probation officer within 72 hours of his release from custody in Lompoc, California on August 18, 2016, and that he had been arrested in Santa Barbara, California on August 23, 2016. *Id*. Based on the petition, Judge Watters issued a warrant for Mr. Follet's arrest. (Doc. 85).

Mr. Follet made an initial appearance on the petition before United States Magistrate Judge Carolyn Ostby on October 31, 2016. (Doc. 89). Mr. Follet, represented by counsel, stated that he had read the petition and waived a preliminary hearing. *Id.* Judge Ostby set the final revocation hearing for November 15, 2016, whereupon Mr. Follet was remanded to the custody of the United States Marshal Service pending the revocation hearing. *Id.* Following two continuances of the hearing, the matter was referred to the undersigned for a final revocation hearing on December 13, 2016, at 2:00 p.m. (Docs. 97, 98).

## II. Revocation Hearing

Mr. Follet appeared at the revocation hearing represented by David Merchant of the Federal Defenders of Montana. Assistant United States Attorney Brendan McCarthy represented the United States. The undersigned explained the Findings and Recommendations procedure to Mr. Follet, including his right to appear before Judge Watters, and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. After consenting to proceed, Defendant admitted the violation alleged in the petition.

The undersigned accepted the admission and proceeded to sentencing issues. The undersigned calculated that Mr. Follet's violation grade is Grade C, his criminal history category is I, and the underlying offense is a Class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 3-9 months incarceration. Mr. Follet also could be sentenced to as much as a lifetime period of supervised release. Mr. McCarthy and Mr. Merchant agreed with those calculations.

Mr. Merchant requested a sentence of time served or, in the alternative, a sentence less than the maximum guideline range. Mr. Merchant argued that Mr. Follet has not been out of custody long enough to establish himself in the community. Mr. Merchant specifically noted that Mr. Follet would benefit from a

sexual offender treatment program, and suggested Montana's "Watch Program" as a viable option. Ultimately, Mr. Merchant argued that incarceration has not worked for Mr. Follet in the past and that further incarceration likely would not be any more efficacious; accordingly, Mr. Merchant requested an alternative sentence that would include a component of sexual offender treatment. Mr. Merchant did not dispute the appropriateness of lifetime supervised release, at least until such time as Mr. Follet is able to demonstrate to the Court that he is able to comply with the terms thereof.

Mr. Follet stated that he regrets his offenses and would appreciate the chance to prove that he can comply with the terms of his supervised release. He stated that he would like the chance to start anew in a place other than his home in Wolf Point, MT, which he does not believe to offer him favorable circumstances for success.

Mr. McCarthy requested a sentence of 12 months incarceration and a lifetime period of supervised release, noting that Mr. Follet has failed repeatedly to comply with the terms of his supervised release and, due to the nature of his underlying offense, represents a danger to the community. Mr. McCarthy explained that the United States would be amenable to a supervised release term of less than lifetime if Mr. Follet could demonstrate an ability to comply with the

terms of his supervised release, but thus far, Mr. Follet has proven unable to comply with even the most rudimentary conditions, such as reporting to his probation officer.

### III. Conclusions and Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 9 months imprisonment followed by a lifetime term of supervised release. No circumstances warrant a departure from the guideline range.

This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary. Given the short amount of time between Mr. Follet's previous release from custody and his subsequent arrest for this most recent violation, Mr. Follet will essentially serve a sentence of 18 consecutive months of incarceration for his two most recent supervised release violations. Such a sentence is adequate to address the nature of his supervised release violations, and provide Mr. Follet yet another opportunity to begin his supervision and enter the treatment programs required by the conditions of his supervised release.

In addition, it is recommended that Mr. Follet shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. It is recommended further that Mr. Follet shall also comply with the special conditions that were imposed upon him in response to his previous revocation. (*See* Doc. 81 at 4).

## IV. Conclusion

Mr. Follet was advised that the above sentence would be recommended to Judge Watters, and reminded that he has the right to appear and allocute before Judge Watters. The undersigned instructed Mr. Follet that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Watters.

Based on Mr. Follet's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Isaiah Thomas Follet violated the preamble to the standard conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from the custody of the Bureau of Prisons.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Mr. Follet's supervised release and sentence him to 9 months imprisonment, followed by a lifetime term of supervised release.

2. The Court should impose the same standard and special conditions that it imposed upon Mr. Follet the last time his supervised release was revoked. (Doc. 81).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Watters, and may waive the right to appear and allocute before Judge Watters.

DATED this 15th day of December, 2016.

/s/ *Timothy J. Cavan*
United States Magistrate Judge